UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAOMI RAMIREZ,<br><br>Plaintiff,<br><br>v.<br><br>METROPOLITAN LIFE INSURANCE COMPANY and FARMERS AGENTS GROUP BENEFITS,<br><br>Defendants. | No. 2:17-cv-01561-KJM-CKD<br><br>ORDER |

Plaintiff Naomi Ramirez filed this civil lawsuit on July 27, 2017. ECF No. 1. She now requests permission to proceed *in forma pauperis* (IFP). ECF No. 2.

I.    <u>LEGAL STANDARD: IFP STATUS</u>

With the exception of applications for writs of habeas corpus, a plaintiff filing a civil lawsuit in a United States district court must generally pay a $400 filing fee. 28 U.S.C. § 1914. The "IFP statute," however, waives the filing fee for a plaintiff[1] that cannot afford the payment, provided the suit is neither frivolous nor malicious. *See* 28 U.S.C. § 1915(a); *Franklin*

---

[1] All persons, not just prisoners, may seek IFP status. *Andrews v. Cervantes*, 493 F.3d 1047, 1051 n.1 (9th Cir. 2007) (citing *Lister v. Dep't of the Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005) (finding statute applies to all persons despite its "prisoner possesses" language, and collecting cases so holding).

1

*v. Murphy*, 745 F.2d 1221, 1226 (9th Cir. 1984). The statute does not itself delineate when someone is unable to pay the fee, but the Supreme Court has limited IFP status to those who file a sworn affidavit showing "complete destitution". *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). Although the plaintiff seeking IFP status must allege poverty "with some particularity, definiteness and certainty," *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (internal quotation marks omitted), a sworn statement that the plaintiff cannot pay the court costs while still affording the necessities of life is generally enough, *Adkins*, 335 U.S. at 339; *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960). But "[i]f an applicant has the wherewithal to pay court costs, or some part thereof, without depriving himself and his dependents (if any there be) of the necessities of life, then he should be required . . . to put his money where his mouth is." *Williams v. Latins*, 877 F.2d 65 (9th Cir. 1989) (citation and internal quotation marks omitted).

II.   APPLICATION

Here, plaintiff is entitled to IFP status. Under penalty of perjury, she declares she has only $100 in savings, no job, and limited property of value. IFP Application, ECF No. 2. She apparently has a home, for which she has a $933 monthly mortgage payment, and she owns an $8,000 car. *Id.* Plaintiff's only income source is a $1,182 monthly social security disability payment. Her reported monthly expenses include her mortgage, $95 for car insurance, and $110 for utilities. *Id.* In sum, her basic monthly expenses total $1,138, just $44 shy of her monthly income, without accounting for other basic expenses such as food. Plaintiff has sufficiently shown destitution.

That she is represented by counsel does not change this result. *See generally* 28 U.S.C. § 1915(a) (nowhere limiting IFP status to pro se plaintiffs); *Kwan v. Schlein*, 246 F.R.D. 447, 453 (S.D.N.Y. 2007) ("[A]uthorization to commence litigation without the prepayment of fees is based on the resources of the litigant and not on whether she has obtained counsel."); *see also Cottingham for Washington v. Bd. of Educ. of Emery Unified Sch. Dist.*, C-93-0824-DLJ, 1993 WL 79698, at *1 (N.D. Cal. Mar. 15, 1993) (considering plaintiffs' request, although represented by counsel, to proceed IFP). Without any evidence showing

plaintiff has paid her attorney, the court accepts her declaration of destitution as true.  *See Kwan*, 246 F.R.D. at 453 ("[Unless] payments []to her attorney demonstrate [Kwan] is no longer indigent, there is no basis for reconsidering her in forma pauperis status.").  The court GRANTS plaintiff's motion to proceed *in forma pauperis*.

        IT IS SO ORDERED.

        This resolves ECF No. 2.

DATED:  August 10, 2017.

        UNITED STATES DISTRICT JUDGE